UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTINA M.-C.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-6042-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting her testimony. (Dkt. # 10.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1964, has a high school education, and has worked as a delivery driver. AR at 22. Plaintiff was last gainfully employed in June 2017. *Id.* at 38. After conducting a hearing in October 2018, the ALJ issued a decision in December 2018 finding Plaintiff not disabled since her alleged onset date of September 1, 2017. *Id.* at 28-63, 15-23. In pertinent part,

ORDER - 1

1 the ALJ found Plaintiff's severe impairments of obesity and history of arthralgia limited her to
2 light work with additional postural restrictions. *Id.* at 17-18.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.    DISCUSSION

**A.    The ALJ Did Not Err by Discounting Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no

ORDER - 2

affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

There is no dispute Plaintiff has been diagnosed with ulcerative colitis. There is no dispute she has experienced three severe, temporarily debilitating flare-ups since her alleged onset date, in October 2017, November 2017, and July 2018. Plaintiff argues the ALJ erred by rejecting her testimony that, even between severe flare-ups, five days a month she is largely confined to bed and 60 percent of the time she does not leave the house because she needs to be close to a restroom. AR at 47-48. Plaintiff contends the error was harmful because the ALJ found ulcerative colitis was not a severe impairment at step two and failed to include corresponding limitations in the RFC.

The ALJ discounted Plaintiff's testimony because her "medical treatment has been sporadic, routine, conservative, and not indicative of a chronic, ongoing" disability. AR at 20. Plaintiff argues her "sporadic, routine, and conservative" treatment is not "a convincing reason to reject any of her testimony." (Dkt. # 10 at 6.) Plaintiff's argument flies in the face of clear Ninth Circuit precedent. The "absence of medical treatment" is a clear and convincing reason to discount a claimant's testimony because it "suggest[s] that if the claimant had actually been suffering from the debilitating pain she claimed she had, she would have sought medical treatment during that time." *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Evidence a claimant "responded favorably to conservative treatment… undermines [the claimant's] reports regarding the disabling nature of his pain." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008).

ORDER - 3

A claimant's statements may be discounted where "it was reasonable for the ALJ to conclude that the level or frequency of treatment was inconsistent with the level of complaints." *Molina*, 674 F.3d at 1114 (internal alterations and citation omitted). Consistent with Ninth Circuit precedent, agency guidance provides "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints," such complaints may be discounted. Social Security Ruling 16-3p, 2017 WL 5180304 at *9 (S.S.A. 2017).

Plaintiff's sporadic, routine, conservative treatment was a clear and convincing reason to discount testimony of being bedridden or housebound at least 60 percent of the time. The ALJ reasonably inferred a person suffering such an extreme and persistent level of debilitating symptoms would have sought more regular or more aggressive medical care. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

Plaintiff asserts her providers' "clinical observations do indeed provide objective support for" her testimony. (Dkt. # 10 at 6.) But Plaintiff only cites: (1) treatment notes from before her alleged onset date, which are of minimal relevance and moreover provide no support for her claims of being bedridden or housebound, and (2) treatment notes describing her three severe flare-ups after her alleged onset date, which are undisputed. (*See* dkt. # 10 at 3.) Plaintiff's interpretation of the record, that she sought no medical help for a condition keeping her housebound most days and did not even reveal to her providers the extent of her suffering except during occasional extreme flare-ups, may or not be reasonable. But the ALJ's interpretation, that a person with such debilitating symptoms would have sought further medical care, was reasonable and thus must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005)

(when evidence is susceptible to more than one interpretation, the ALJ's rational interpretation must be upheld). The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.    The ALJ Did Not Err by Accepting the Only Medical Opinion in the Record**

Non-examining State agency physician Greg Saue, M.D., opined Plaintiff could perform light work. AR at 81-82. The ALJ found Dr. Saue's opinions consistent with, and well supported by, the record. *Id.* at 21. Plaintiff argues the ALJ erred by accepting Dr. Saue's opinions because they failed to account for Plaintiff's testimony and the medical evidence discussed above. Because the ALJ permissibly rejected Plaintiff's testimony and reasonably interpreted the medical evidence, Plaintiff has shown no error. The Court concludes the ALJ did not err by accepting Dr. Saue's opinions.

**V.    CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is AFFIRMED, and this case is DISMISSED with prejudice.

Dated this 22nd day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge